IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THORLEY INDUSTRIES LLC, d/b/a 4MOMS, <br><br> Defendant. | Civil Action No. 15-cv-7954 <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Kolcraft Enterprises, Inc. ("Kolcraft"), by and through its counsel, complains of Defendant, Thorley Industries LLC, d/b/a 4moms ("4moms"), as follows:

1. Kolcraft is a corporation organized under the laws of the State of Delaware with a principal place of business at 1100 West Monroe Street, Chicago, Illinois 60607. Kolcraft is in the business of, among other things, designing, developing, manufacturing and selling various baby products.

2. 4moms is a limited liability company organized under the laws of the State of Pennsylvania with a place of business at 912 Fort Duquesne Boulevard, Pittsburgh, Pennsylvania 15222. 4moms is registered with the Illinois Secretary of State to conduct business in Illinois. 4moms competes with Kolcraft in the baby products industry.

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over 4moms because, among other things, 4moms regularly conducts business in Illinois and specifically in this judicial district. 4moms is

specifically offering to sell, selling and/or advertising infringing play yard products at retail stores and through the Internet and other distribution channels in such a way as to reach customers in Illinois and this judicial district. 4moms has committed acts of infringement in this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

6. On May 12, 2015, the USPTO duly and legally issued U.S. Patent No. 9,027,180 (the "'180 Patent") titled "Play Yards and Methods of Operating the Same." Kolcraft owns and has standing to sue for infringement of the '180 Patent. A copy of the '180 Patent is attached as Exhibit A.

7. 4moms has infringed and continues to infringe the '180 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing child play yard products, including but not limited to the 4moms Breeze Playard product and other 4moms play yard products with different names and/or model numbers but with substantially the same design, features and functionalities as the 4moms Breeze Playard product (collectively the "4moms Accused Products") throughout the United States, including within this judicial district and by aiding, assisting and encouraging the infringement of the '180 Patent by others.

8. 4moms has infringed and continues to infringe at least claims 1, 7 and 11 of the '180 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, offering for sale and selling the 4moms Accused Products in the United States. The 4moms Accused Products contain each and every element of at least claims 1, 7 and 11 of the '180 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

9. 4moms has also indirectly infringed and continues to indirectly infringe at least claims 1, 7 and 11 of the '180 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. 4moms has knowingly and actively induced infringement of at least claims 1, 7 and 11, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the 4moms Accused Products in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the 4moms Accused Products in a manner that infringes at least claims 1, 7 and 11 of the '180 Patent. The direct infringers that are being induced by 4moms include, without limitation, its retail customers, resellers and end-users that offer for sale, sell or use the 4moms Accused Products in the United States.

10. 4moms has also indirectly infringed and continues to indirectly infringe at least claims 1, 7 and 11 of the '180 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the 4moms Accused Products and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the 4moms Accused Products, which constitute a material part of the patented inventions of claims 1, 7 and 11 of the '180 Patent, which 4moms knows are especially made or adapted for use in an infringement of at least claims 1, 7 and 11 of the '180 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for 4moms' contributory infringement under 35 U.S.C. § 271(c) include, without limitation, 4moms' retail customers, resellers and end-users that offer for sale, sell or use the 4moms Accused Products.

11. 4moms' infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate

to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

12. Kolcraft has complied with 35 U.S.C. § 287 to the extent required by law.

13. 4moms' infringement, contributory infringement and/or inducement to infringe the '180 Patent has been willful, deliberate and objectively reckless.

14. 4moms' infringement of the '180 Patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the '180 Patent, and enjoining 4moms from contributing to and/or inducing infringement of the '180 Patent.

WHEREFORE, Plaintiff Kolcraft respectfully asks this Court to enter judgment against 4moms, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with 4moms, granting the following relief:

A. The entry of judgment in favor of Kolcraft and against 4moms;

B. An award of damages adequate to compensate Kolcraft for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest;

C. Increased damages as permitted under 35 U.S.C. § 284;

D. A finding that this case is exceptional and an award to Kolcraft of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the '180 Patent; and,

F. Such other relief that Kolcraft is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## Jury Demand

Kolcraft demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: September 9, 2015

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

Attorneys for Plaintiff
Kolcraft Enterprises, Inc.